United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MANUEL PEREZ ALFARO,<br><br>    Plaintiff,<br><br>    v.<br><br>MICHAEL J. ASTRUE, Commissioner,<br>Social Security Administration,<br><br>    Defendant.<br>_____/ | No. C-12-1999 EMC<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR ATTORNEY'S FEES**<br><br>**(Docket No. 20)** |

## I. INTRODUCTION

On September 28, 2012, this Court issued an order by stipulation of the parties reversing the decision of the Commissioner of Social Security in this case, and remanding pursuant to section 205(g) of the Social Security Act, as amended, 42 U.S.C. § 405(g), sentence four. Docket No. 17. Currently pending before the court is Plaintiff's motion for attorney's fees under the Equal Access to Justice Act ("EAJA"). Docket No. 20. The parties do not dispute that Plaintiff is entitled to attorney's fees under the EAJA, or that he has made a valid assignment of the fees to his attorney. Defendant opposes only Plaintiff's request that this Court order Defendant to disclose whether it contends that the award of fees is subject to offset for any debt owed by Plaintiff to the federal government. There also appears to be minor confusion about the amount of fees incurred.

///

///

///

## II. DISCUSSION

A. Notice of Claimed Offset

Plaintiff requests that this Court order Defendant to provide notice within 21 days of any claimed offset that would reduce the amount awarded here. In support of this request, Plaintiff cites *Bender v. Astrue*, No. C 10–05333–MR, 2012 WL 113357, at *4 (N.D.Cal. Jan.12, 2012), in which the court issued such an order. Defendant objects that such an order is improper as it is the Department of Treasury, and not Defendant, who maintains records on such debts.

This Court recently considered this very issue in *Palomares v. Astrue*, C-11-4515 EMC, 2012 WL 6599552 (N.D. Cal. Dec. 18, 2012). In that case, this Court noted that the *Bender* court had cited no authority for ordering the Commissioner to provide such a notice of offset. *Id.* at *9. Further, this Court reasoned:

> There is no law stating that the Court must order the Commissioner to notify a plaintiff of an offset. Under 31 U.S.C. § 3716, the head of an administrative agency may collect a debt by administrative offset only after giving the debtor written notice. 31 U.S.C. § 3716(a)(1). In *Astrue v. Ratliff*, the Social Security Administration notified the Plaintiff of an offset according to § 3716. ⎯⎯ U.S. ⎯⎯, ⎯⎯, 130 S.Ct. 2521, 2522, 177 L.Ed.2d 91 (2010). In *McCarty v. Astrue*, the Treasury Department sent Plaintiff notice of its intent to collect a debt by offsetting the EAJA award. 505 F.Supp.2d 624, 632 (N.D. Cal.2007). The court in *McCarty* held that Plaintiff's due process rights were not violated by Defendant's failure to give notice that Plaintiff's EAJA award was eligible for an offset. *Id.* There is no dispute that notice must be given under § 3716 before an EAJA award can be offset. Since § 3716 applies, the Court declines to order the Commissioner to give special notice within twenty-one days if it contends the awarded EAJA amount is subject to an offset.

Nothing in this case calls into question the reasoning or result in *Palomares*. Accordingly, Plaintiff's request for an order requiring Defendant to disclose any claimed offset is **DENIED.**

B. Amount of Fees

In his opposition, Defendant states that he does not oppose the amount of fees requested by Plaintiff, and attaches a proposed order awarding $3,477.00 in fees. In his reply brief, Plaintiff notes that this amount, taken from Plaintiff's motion, does not include fees incurred in preparing the reply brief, or in attending a hearing on this motion. As this court is ruling on this motion without a hearing, fees for attending the hearing are unnecessary. Plaintiff is requesting an additional $311.00

for 1.7 hours spent in preparing the reply brief.[1]  As Defendant does not object to the hourly rate requested by Plaintiff's counsel, and as the amount of time requested for the reply brief is reasonable, this Court finds that Plaintiff is entitled to $3788.00 in fees.

### III. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Plaintiff's Motion for attorney's fees under the Equal Access to Justice Act in the amount of $3788.00. The fee should be paid directly to Plaintiff's counsel, subject to any administrative offset due to Plaintiff's outstanding federal debt, if any exists.

This order disposes of Docket Number 20.

IT IS SO ORDERED.

Dated: January 7, 2013

_____
EDWARD M. CHEN
United States District Judge

---

[1] Defendant points out that Plaintiff's counsel has briefed the issue of notification of offset in several recent cases, though he does not seek a reduction in Plaintiff's fees in this case.  Plaintiff's counsel submitted a declaration stating that none of the fees requested in this case are repetitive or duplicative with time billed in other cases.